UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-3-RJC-DCK

| GLENDALE LLC d/b/a WESTERN SIZZLIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| AMCO INSURANCE COMPANY d/b/a NATIONWIDE MUTUAL INSURANCE COMPANY, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Defendant Amco Insurance Company d/b/a Nationwide Mutual Insurance Company's ("Defendant") Motion for Partial Summary Judgment, (Doc. No. 15), and the Plaintiff's Motion for the Court to Take Judicial Notice, (Doc. No. 36).

The Court granted in part and denied in part Plaintiff Glendale LLC d/b/a Western Sizzlin's ("Plaintiff") Motion for Partial Summary Judgment and denied Defendant's Motion for Partial Summary Judgment on April 23, 2012. (Doc. No. 20). But the Court noted that it did "not reach Defendant's arguments regarding the general sufficiency of the [Appraisal] award because it has already found that the building appraisal was invalid and genuine issues of material fact remain over whether the appraisers improperly injected causation and coverage issues into the contents valuation [related to two post-fire thefts at Plaintiff's restaurant]. Likewise, the Court [did] not reach the validity of Plaintiff's fraud, bias, duress, and impeaching circumstances defenses to the enforceability of the award." (Id.). Now, however, the parties have clarified that losses from post-fire thefts at Plaintiff's restaurant were covered under the policy and compensated under a separate claim. Any failure to compensate such losses in the Appraisal Award would be harmless since Plaintiff has been separately compensated. Thus, no

material issue remains over whether these amounts should have been, or were, included in the Appraisal Award. See (Doc. No. 20 at 9-10). The Court now proceeds to rule on those portions of Defendant's Motion for Partial Summary Judgment which it did not address in its April 23 Order. For the reasons set forth below, the Court finds that the Appraisal Award's contents appraisal is binding as a matter of law.

**I.      BACKGROUND**

Since 1994, Plaintiff has owned and operated a Western Sizzlin restaurant in Gastonia, North Carolina. (Doc. No. 13-2: Allen Sisler ("Sisler") Dep. at 6). On September 29, 2008, the restaurant suffered a fire that damaged the building and its contents. (Doc. Nos. 1-3 at 4; 2 at 2). Defendant insured the restaurant under Nationwide Premier Businessowner Policy # ACP 2212352296 ("Policy"). (Doc. Nos. 1-3 at 3; 2 at 2). The parties disagreed about what the policy required Defendant to pay. In March 2009, Plaintiff invoked the Policy's appraisal clause. The clause states:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser after receiving a written request from the other, and will advise the other party of the name of such appraiser within 20 days. The two appraisers will select an umpire. If appraisers cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.      Pay its chosen appraiser; and
>
> b.      Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Doc. No. 11-3: Policy Excerpt). Pursuant to this clause, Plaintiff named Jim Stewart ("Stewart") as its appraiser. (Doc. No. 13-7). After some initial delay, Defendant named

Harrison Jones ("Jones") as its appraiser. (Id.). Stewart and Jones selected Paul Woody ("Woody") as the umpire. (Id.).

Woody and Jones found that the replacement cost of the restaurant's contents was $49,350, while the actual cash value of repairs to the contents was $27,494. (Doc. No. 11-4). The Appraisal Award's findings as to the building and perishable losses are irrelevant because the Court invalidated those portions of the Award in its April 23, 2012 Order. The Court found that the award's valuation of building damage was invalid due to the appraisers' improper consideration of causation issues. (Doc. No. 20 at 9); see also High Country Arts and Crafts Guild v. Hartford Fire Ins., 126 F.3d 629, 634 (4th Cir. 1997) (holding that parties are not bound by the appraiser's determinations of coverage issues). The Court found that the perishable loss was agreed to be $14,838.94 before the umpire needed to be involved. (Doc. No. 20 at 10).

### III. ANALYSIS

#### A. Judicial Notice

Plaintiff's Motion for the Court to Take Judicial Notice, (Doc. No. 28), is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is largely granted with the exception of the following three requests:

Request 3 asks the Court to take judicial notice that Plaintiff conveyed the land upon which they operated the Western Sizzlin back to the previous owner–and their mortgagee–on September 15, 2010 in lieu of foreclosure. (Doc No. 28 at 2). The public record confirms that the conveyance occurred, but does not establish that the conveyance was in lieu of foreclosure. (Doc No. 28-3). Therefore, the Court cannot treat this fact as judicially admitted but grants Plaintiff's motion with respect to the remainder of Request 3.

Request 9 asks the Court to take judicial notice that Beam Construction admitted that its

3

proposed repairs to the Western Sizzlin would not result in a structure sound enough to secure a Certificate of Occupancy. (Doc No. 28 at 3). Plaintiff's summary judgment brief made this assertion, citing Robert Browne's deposition. However, Plaintiff did not file Browne's deposition. Thus, the Court cannot treat this fact as judicially admitted.

Request 15 asks the Court to take judicial notice that "On February 2, 2009, Austin notified plaintiff by letter that the estimate submitted was beyond the scope of repairs." (Doc. No. 28 at 4). Plaintiff cites the Defendant's admission in its Answer, but Plaintiff's request omits the Defendant's qualification that the estimate submitted was beyond the scope of repairs "agreed upon at the site meeting." (Doc. No. 2 at 3). The Court denies Plaintiff's incomplete request.

Plaintiff's Motion for the Court to Take Judicial Notice, (Doc. No. 28), is **GRANTED IN PART AND DENIED IN PART**.

B. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party–the Plaintiff for purposes of this Order. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for

trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Defendant moved this Court to declare the Appraisal Award binding as a matter of law. (Doc. No. 16). Plaintiff filed a response in opposition. (Doc. No. 18). North Carolina law provides that "[i]f the contractual appraisal provisions are followed, an appraisal award is presumed valid and is binding absent evidence of fraud, duress, or other impeaching circumstances." Enzor v. N.C. Farm Bureau Mut. Ins. Co., 473 S.E. 2d 638, 639 (N.C. Ct. App. 1996). Defendant has succeeded in showing that the appraisal provision was followed with respect to the appraisers' contents award. See (Doc. No. 20 at 10-12). The Court previously found that the appraisers exceeded their authority and made impermissible causation and coverage determinations with respect to the building damages calculation, but because North Carolina follows a blue pencil approach to appraisal awards, the appraisers' independent contents award is not affected by that error. See High Country Arts and Crafts Guild v. Hartford Fire Ins., 126 F.3d 629, 634 (4th Cir. 1997). Likewise, any possible failure to include the theft loses would not invalidate the Award where these loses were separately compensated. Cf. Id.

Plaintiff argues that a genuine issue of material fact exists as to whether fraud, duress, or other impeaching circumstances invalidate the Appraisal Award. (Doc. No. 18 at 8-16). Plaintiff argues that: (1) the appraisers failed to disclose an alleged conflict of interest; (2) Woody and Jones had ex parte communications; and (3) Plaintiff was forced into the appraisal process under duress. (Id.). Plaintiff contends that these allegations invalidate the Appraisal Award. (Id.).

Plaintiff has not provided any authority for the proposition that appraisers have an affirmative duty to disclose their prior dealings with a party's appraiser. Recognizing this

5

problem, Plaintiff asks the Court to create such a rule today. (Doc. No. 18 at 10). Plaintiff points to a "pre-existing relationship" between Woody and Jones as evidence of a conflict of interest. (Id. at 11). But the only contact between the two that Plaintiff cites was another fire claim where Woody represented the business owner claimant and Jones represented the insurance company. (Doc. No. 13-14: Woody Dep. at 6). Representing opposing parties in another insurance claim is hardly the type of "pre-existing relationship" that would lead to the inference of a conflict of interest. The only other contacts Plaintiff points to were one in which Jones introduced Woody to parties involved in a fire claim and another where Jones asked Woody to draw up a set of plans and elevations from a series of photographs for a claim related to a house fire in Georgia in the summer of 2009. (Id.). Plaintiff has not shown what kind of compensation Woody was paid for his involvement in the Georgia house fire claim or where such compensation came from. Moreover, Plaintiff's proposed rule would only require would-be appraisers to disclose "prior dealings" with other appraisers. Woody's prior dealings could not lead any reasonable juror to believe that he had a conflict of interest in serving as the umpire for this claim. Plaintiff has not presented any evidence that Woody's later work with Jones affected his neutrality in this case.

Plaintiff has also failed to show that the award should be invalidated based on an alleged ex parte communication. Plaintiff cites 1940 decisions from North Carolina and Pennsylvania courts for the proposition that any ex parte communication invalidates the Award. In Grimes v. Home Ins. Co. of N.Y., the court held that where plaintiff had neither notice nor opportunity to argue his position before the appraisers, the appraisal was invalid. 7 S.E. 2d 557, 558 (N.C. 1940). In Zoni v. Importers & Exporters Ins. Co., the court invalidated an award where two of three appraisers met "secretly and without notice to or knowledge of the plaintiff or her

representative and for the purpose of unlawfully and fraudulently reaching a figure for the loss lower than the actual amount." 12 A.2d 575, 577 (P.A. 1940). Here, Plaintiff had notice and an opportunity to be heard by the appraisers and Plaintiff has not produced any evidence of fraudulent intent. Stewart represented Plaintiff's position before Jones and Woody, but ultimately Jones and Woody rejected Stewart's and Plaintiff's position in favor of Defendant. While Woody and Jones did meet without Stewart to actually sign the Award, Plaintiff concedes that Stewart previously had the opportunity–and did–submit Plaintiff's position to Jones and Woody. Woody testified that he fully considered all submissions before coming to his conclusion. Woody and Jones' alleged ex parte communication does not invalidate the Award.

Finally, Plaintiff argues that the Award should be invalidated because Plaintiff was forced into the appraisal process under duress. Plaintiff does not cite any caselaw in its argument on this issue. (Doc No. 18 at 15-16). Also, Plaintiff cannot point to an instance in which Defendant even suggested that Plaintiff invoke the parties' appraisal clause. Instead, Plaintiff shows a situation in which the parties merely "disagree[d] on the amount of loss." (Doc. No. 11-3: Policy Excerpt). In which case, the policy directs either party to invoke the appraisal clause to break the stalemate. Plaintiff has failed to show that it invoked the clause under duress.

Plaintiff has failed to present "evidence of fraud, duress, or other impeaching circumstances" which would serve to invalidate the Award. N.C. Farm Bureau Mut. Ins. Co., 473 S.E. 2d at 639. The appraisers' finding as to damages to the building's contents is binding as a matter of law.

7

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for the Court to Take Judicial Notice, (Doc. No. 28), is **GRANTED IN PART AND DENIED IN PART**; and

2. Defendant's Motion for Partial Summary Judgment, (Doc. No. 15), is **GRANTED IN PART AND DENIED IN PART**.

Signed: July 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge