| | | |
|---|---|---|
| **GLENDALE LLC d/b/a WESTERN SIZZLIN,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **AMCO INSURANCE COMPANY d/b/a NATIONWIDE MUTUAL INSURANCE COMPANY,** | ) ) ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion in Limine for the Court to Allow Owners' Valuation Testimony, (Doc. No. 42), and Defendant's Motions in Limine, (Doc. No. 36; 47).

A.    Plaintiff's Motion

Plaintiff Glendale filed a motion in limine to allow its owner to testify as to the value of his property. (Doc. No. 42). Plaintiff shows that the North Carolina rules of evidence would allow such opinion testimony and argues that the North Carolina rules govern this case because the Court's jurisdiction is based on diversity. (Doc. No. 43 at 7). However, the Federal Rules of Evidence govern in diversity cases unless a "question of admissibility of evidence is so intertwined with a state substantive rule that the state rule will be followed in order to give full effect to the state's substantive policy." Hottle v. Beech Aircraft Corp., 47 F.3d 106, 109-110 (4th Cir. 1995) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)). Here, no state substantive policy is implicated and the Court will apply federal law.

Nonetheless, the testimony should be allowed under the Federal Rules assuming Plaintiff

lays a proper foundation.  Persuasive authority can be found in several places.  The Eastern

District of North Carolina has held that:

> An owner's opinion can be evidence as to the value of real property.  <u>See</u>
> Evidence as to owner's opinion, admission. <u>See</u> <u>United States v. Sherrill</u>, 626 F.
> Supp. 2d 1267, 1270 n.1 (M.D. Ga.2009) (citing <u>United States v. 68.94 Acres of
> Land</u>, 918 F. 2d 389, 397 (3d Cir.1990) ("The Federal Rules of Evidence
> generally permit landowners to give opinion evidence as to the value of their land
> due to the special knowledge of property which is presumed to arise out of
> ownership."); <u>LaCombe v. A–T–O, Inc.</u>, 679 F. 2d 431, 433 (5th Cir.1982)
> ("[T]he owner of property if qualified by his ownership alone to testify as to its
> value.")).  The court deems the amount of coverage obtained by Jackie and Tony,
> Sr., for the Turniptown Road Property is evidence as to their opinion of the value
> of the property.

<u>United States v. Pritchett</u>, No. 5:09-cv-322-F, 2011 WL 197763, at *12 n.3 (E.D.N.C. Jan. 20,

2011).  The Bankruptcy Court for the Middle District of North Carolina has also found that:

> Pursuant to Fed. R. Evid. 701, an opinion of a lay witness is admissible if the
> opinion is "(a) rationally based on the perception of the witness, (b) helpful to a
> clear understanding of the witness' testimony or the determination of a fact in
> issue, and (c) not based on scientific, technical, or other specialized knowledge
> within the scope of [expert testimony]."  If the requirements of Rule 701 are met,
> then the general rule is that an owner of real property may give his or her opinion
> as to its value without having to qualify the owner as an expert. <u>E.g.</u>, <u>Hidden
> Oaks v. City of Austin</u>, 138 F.3d 1036, 1051 (5th Cir.1998) ("[W]e adhere to the
> general rule that an owner [of real property] always may testify as to value,
> whether assessed as of the time of trial, or at some definitive point in the past.");
> <u>In re Petrella</u>, 230 B.R. 829, 834 n.5 (Bankr. N.D. Ohio 1999) ("[A]n owner is
> competent to give his opinion as to the value of his property, often by stating the
> conclusion without stating a reason.").

<u>In re Deep River Warehouse, Inc.</u>, No. 04-52749, 2005 WL 1287987, at *13 n.7 (Bankr.

M.D.N.C. Mar. 14, 2005).  If Plaintiff otherwise satisfies Rule 701's requirements, the current

and former owners of the Western Sizzlin' restaurant may testify as to its value.  Plaintiff's

Motion in Limine for the Court to Allow Owners' Valuation Testimony, (Doc. No. 42), is

**GRANTED**.

           B.        <u>Defendant's Motion</u>

Defendant filed its first Motion in Limine on July 12, 2012. (Doc. No. 36). The Court largely resolved the motion by **GRANTING IN PART AND DENYING IN PART** during the Pretrial Conference on Friday, July 13, 2012. The only remaining portion of Defendant's motion concerned the Sislers' ability to testify regarding the value of their property. For the reasons explained above, this last remaining portion of Defendant's July 12 Motion in Limine is **DENIED** at this time.

Defendant filed its second Motion in Limine on July 18, 2012 to allow Nicole Jones to testify out of order on the first day of trial or, in the alternative, to allow Defendant to take her deposition by video this week for use in Defendant's case-in-chief. (Doc. No. 47). The Court **GRANTS** both requests to the extent that Defendant intends to offer substantive evidence through Ms. Jones. However, any impeachment evidence or testimony about certain witnesses' character for truthfulness will not be admissible until after that witness testifies. Also, the Court cannot guarantee that the trial of this case will begin before the week of July 30, 2012. Thus, Defendant should plan to take Jones's deposition this week in case this trial does not begin until Jones is unavailable.

## IV.    CONCLUSION

           **IT IS, THEREFORE, ORDERED** that:

           1.        Plaintiff's Motion in Limine for the Court to Allow Owners' Valuation Testimony, (Doc. No. 42), is **GRANTED**;

           2.        Defendant's July 12 Motion in Limine, (Doc. No. 36), is **GRANTED IN PART**

**AND DENIED IN PART**; and

3.    Defendant's July 18 Motion in Limine regarding Nicole Jones, (Doc. No. 47), is

**GRANTED**.

Signed: July 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge